

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Harry Knox, Chairman
State Board of Control
Austin, Texas

Dear Sir:

Opinion No. O-3953
Re: Authority of State hospitals, under provisions of House Bill 94, Acts Regular Session 47th Legislature, to hold persons charged with being of unsound mind, delivered into their custody by the sheriff or constable of the county, before trial and commitment.

We have your letter of November 29, 1941, asking the opinion of this department upon the following questions with respect to House Bill 94, Acts 47th Legislature, Regular Session:

1. Can our State hospitals for the mentally ill legally hold such patients so placed at a State hospital?

2. If so, how long?

House Bill 94, quoted in your letter, reads as follows:

"Section 2. The warrant provided for herein shall run in the name of 'The State of Texas', and shall be directed to the sheriff or any constable of the county, and the officer receiving same shall forthwith take into custody the person named therein, and at the designated time and place shall have him and the return of said warrant before the County Judge for examination and trial, provided, however, that the sheriff, or any constable, upon the execution of the warrant provided for herein, may with the consent of the Superintendent of any State

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hospital, place said person so taken into custody in a place especially provided therefor at such State Hospital, to be remanded into the custody of the sheriff or any constable to be taken before the County Judge for examination and trial."

In reply to your first question, our answer is in the affirmative. House Bill 94 has for its humanitarian purpose the housing of persons charged with being of unsound mind, and not charged with a criminal offense, in a place suitable to their condition, rather than in the County jail, pending examination, trial, and commitment or discharge. Your letter suggests no reason occurring to you why such provision may be unconstitutional, and, frankly, no doubt of the constitutionality of the Article exists in our minds.

In reply to your second question, you are advised that the Superintendent of the State hospital may hold such person so placed in his custody by the sheriff or constable, acting under the authority of the warrant provided for by Section 1 of Vernon's Revised Civil Statutes, Article 5561a, until such time as the person is called for by the sheriff or the constable to be taken before the County Judge for examination and trial, or until ordered by a Court having jurisdiction to release such person.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

R. W. Fairchild
Assistant

APPROVED DEC   1947

ATTORNEY GENERAL

RWF:mp


APPROVED
OPINION
COMMITTEE
BY ____
CHAIRMAN